# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 21-1185V**

|  |  |
|---|---|
| MIRANDA CHU,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 1, 2026 |

*Jason L. Jorgenson, Philbrook Law, Vancouver, WA, for Petitioner.*

*Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC, for Respondent.*

## REMAND RULING ON ENTITLEMENT[1]

On April 12, 2021, Miranda Chu filed a Petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as the result of her receipt of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on July 21, 2015. Petition, ECF No. 1 at Preamble and ¶ 3. The case was assigned to the Office of Special Masters ("OSM")'s Special Processing Unit ("SPU").

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 15, 2024, Respondent filed his initial Rule 4(c) Report, in which he recommended that the Court dismiss Petitioner's claim. ECF No. 47. On July 18, 2025, I issued an Entitlement Decision dismissing Petitioner's claim, ECF No. 54. Petitioner sought review of my Decision and was successful. *See* Opinion and Order dated January 13, 2026, ECF No. 63.

On March 30, 2026, Respondent filed an Amended Rule 4(c) Report in which he **concedes** that Petitioner is entitled to compensation in this case. Amended Rule 4(c) Report, ECF No. 68 at 2.

Specifically, Respondent provides that medical personnel at the Division of Injury Compensation Programs ("DICP"), Department of Health and Human Services have reviewed the medical record evidence filed in this case, as well as the Court of Federal Claims' January 13, 2026 Opinion, and determined that Petitioner has satisfied the criteria set forth in the Vaccine Table and the Qualifications and Aids to Interpretation ("QAI") for SIRVA. Amended Rule 4(c) Report at 2, citing 42 C.F.R. §§ 100.3(a)(I)(C), (c)(10). Respondent advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters. Amended Rule 4(c) Report at 2. While Respondent preserves his right to appeal the Court of Federal Claims' January 13, 2026 opinion, Respondent submits that Petitioner has otherwise satisfied the legal prerequisites for compensation under the Act. Amended Rule 4(c) Report at 2 and n. 1, citing 42 C.F.R. § 300aa-13. Accordingly, Respondent requests a ruling on the record regarding Petitioner's entitlement to compensation. Amended Rule 4(c) Report at 2, *accord id.* at 3-4 (further stating Respondent's position).

**In view of Respondent's position and the case record, I find that Petitioner is entitled to compensation for a Table SIRVA.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

2